STOULIG, Judge.
Defendants, Neeb Kearney & Company, Inc., and its insurer, Aetna Insurance Company, have appealed that part of a judgment [1] awarding Greyhound Lines, Inc., $9,780.40 damages for loss of revenue it incurred while a bus, damaged in a traffic accident, was being repaired.
On June 6, 1975, Greyhound Bus No. 6118 was approaching New Orleans, an intermediate stop in a Miami-Los Angeles run, when it was struck on the left front by a truck tire that had jarred loose from a Neeb Kearney vehicle and jumped the median on Interstate 10. The bus repairs were completed on July 10, 1975, and the vehicle was out of service for 35 days.
The issue before us is whether the evidence adduced by plaintiff to establish lost revenue is sufficient to support Greyhound’s judgment. Appellants rely on that line of jurisprudence holding an award for loss of profits can only be given if the party has suffered an actual loss. Rader v. Harper Aviation, Inc., 246 So.2d 362 (La.App. 4th Cir. 1971). They contend the testimony of Ralph DeLuca, Greyhound’s account supervisor in Cleveland, Ohio, and the documentary evidence introduced in connection therewith, does not prove an actual loss.
As background information DeLuca, a registered public accountant, explained that Greyhound had a fleet of busses that exceeded 2,500 in both June and July of 1975, some of which were licensed for intrastate operation and others for interstate transport. He explained no vehicle is designated for one particular use; rather, all busses are available for regular runs, express or charter, and are assigned based on availability. Greyhound does not designate any of its vehicles as spare or replacement bus-ses in the event of an accident or a breakdown. Plaintiff is required by the Interstate Commerce Commission to maintain certain scheduled routes and when an emergency occurs that disables a bus — such as the accident in this case — another vehicle must be taken from the nearest available point to complete the run. Thus, when there is accident damage, and a substitute bus is used to complete a run, somewhere in the Greyhound system some depot must op *571 erate one bus short of the amount usually assigned.
DeLuca explained Greyhound uses a net profit per mile approach to establish company earnings. Therefore, for the loss involved here, he computed total mileage logged by all MC7 busses (the type involved in the accident) in June and July 1975 and ascertained each bus traveled 23,124 miles. Dividing that figure by 61, the number of days in both months, he arrived at a 379-per-mile-per-day average for each MC7 bus. DeLuca then gave $1.3107 as the gross profit per mile and from this figure the operating cost of $0.5728 per mile was deducted. The net profit per mile for the MC7 is $0.7373 multiplied by 379 (miles per day) multiplied by 35 (number of days out of service) equals $9,780.40.
Appellants attack the award, based on the described accounting method, as a paper loss that Greyhound did not actually incur. They argue that plaintiff, who had the burden of proof, failed to establish they actually rented a bus to replace the one taken out of service and rely on Rader, supra, to assert this is a prerequisite to recovery. We agree.
We do not doubt the verity of DeLuca’s statements that with the large fleet involved, to substitute one bus for a damaged vehicle will result in a shortage somewhere along the line in the system. His explanation that Greyhound must sometime rent busses from other companies to furnish the service it contracted to perform is also credible. However, we cannot use his lost revenue projections to sustain plaintiff’s claim.
Greyhound thus has based its entire claim for lost revenue on an accountant’s interpretation of its own books and records, which it did not produce. During the course of the trial, it became obvious that plaintiff neglected to enumerate all its operating costs in computing its net profit, which illustrates the disadvantage at which defendant finds itself in rebutting accounting conclusions. We hold that simple accounting summaries of average daily net income per bus is not sufficient to prove that income was lost by the disabling of a bus.
The best evidence rule requires a plaintiff to submit the best proof as the nature of the thing will afford. McCormick Evidence 2nd Ed. p. 559.
The “domino theory” the trial judge accepted supposes the New Orleans office which supplied the immediate replacement bus was on that account missing one bus from those ordinarily available to it and neighboring offices, and therefore it and those offices required a bus which would otherwise have been available to another office, say Atlanta, which in turn had to borrow a bus from another seacoast office. There is no specific testimony that charters had to be refused on all 35 days when the bus at issue was being repaired. It is possible more busses were available than required for charter on many of these days and remained idle. Plaintiff claiming damages for loss of use must rule out possibilities that negate the need for a replacement bus. There is no testimony as to the number of days on which busses were rented from other companies to fill charter needs nor does Greyhound pinpoint on what days charters were refused in its nationwide system because of nonavailability of a bus. It is possible seven charters were refused on one day and the loss of use of one bus would not have satisfied the requirement of seven.
Of necessity, Greyhound must keep extensive records for tax purposes and it would not have been difficult for it to establish its need to rent a bus because of this accident. Cost accounting conclusions are not enough to establish a prima facie case.
The record does reflect six charters were lost in New Orleans during the repair period. This bus could have been taken if it had not been disabled. Greyhound failed to produce average charter revenue figures and therefore failed to meet its burden with respect to this aspect of the claim.
For the reasons assigned, the judgment appealed from is reversed and this suit is dismissed at Greyhound’s cost.

REVERSED.

. That part of the judgment awarding $1,701.44 for bus repairs is not challenged by defendants.